Argued and submitted September 18, affirmed October 22, 1997, petition for review denied January 27, 1998 (326 Or 389)

Sean ROACH,
*Appellant,*

*v.*

JACKSON COUNTY
and Jackson County Board of Commissioners,
*Respondents.*

(96-3814Z3; CA A95438)

949 P2d 1227

Robert E. Babcock argued the cause for appellant. With him on the brief was Babcock & Company.

Steven R. Rinkle, Assistant County Counsel, argued the cause for respondents. With him on the brief was Arminda J. Brown, Jackson County Counsel.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

EDMONDS, J.

**EDMONDS, J.**

Pursuant to ORS 609.155(3)(a), defendants (the Board) ordered that plaintiff's dog be destroyed, having found that the dog had chased livestock in violation of the statute. Plaintiff then sought review in the circuit court under ORS 34.010 *et seq*, and the circuit court affirmed the Board's order. Plaintiff appeals, and we affirm.

On appeal, plaintiff raises a number of issues, most of which were not raised before the Board. The only issues about which a discussion could be beneficial to the public and to the bar concern plaintiff's interpretations of the statutory scheme embodied in Oregon's dog control law. The Board's finding that plaintiff's dog chased a horse in the horse owner's pasture is supported by substantial evidence. There is no evidence that the horse was injured or that the dog intended to harm it. In substance, plaintiff contends that ORS 609.155(3)(a) requires proof that his dog chased the horse and harmed it or chased it with the intent to injure or kill it, proof that is lacking in this case.

■ It is axiomatic that the Board and this court are required to carry out the legislature's intent as expressed by ORS chapter 609. Our authority extends no further. When faced with a question of statutory interpretation, our first level of analysis is to examine the text and context of the statute in issue in an effort to ascertain the intent of the legislature when it promulgated the statute. ORS 609.155(3) provides, in part:

> "[T]he county governing body shall determine whether the dog has been engaged in killing, wounding, injuring or chasing livestock. If the county governing body determines that the dog has been so engaged, the dog shall be killed in a humane manner."

Plaintiff's arguments focus on the meaning of the word "chasing" in the statute. ORS chapter 609 does not provide a definition of that word, but we presume that it has its ordinary meaning.

Plaintiff relies on several other statutes contained in ORS chapter 609 in an effort to provide additional context to

the word "chasing" in ORS 609.155(3)(a). In particular, plaintiff relies on ORS 609.155(1), ORS 609.140, ORS 609.157 and ORS 609.160. ORS 609.155(1) provides for the impoundment of any dog "engaged in killing, wounding, injuring or chasing livestock or upon receipt from a complainant of evidence that a dog has been so engaged." ORS 609.140[1] provides for a right of action by an owner of damaged livestock for damages against the owner of the dog. ORS 609.160(1) provides, in part, that "[n]o person shall own, harbor or keep any dog with knowledge that it has killed or wounded any livestock." Finally, ORS 609.157 creates a disputable presumption that a dog has killed or injured livestock. That presumption arises when "[t]he dog is found chasing livestock not the property of the owner of the dog in an area where freshly damaged livestock are found."[2]

Plaintiff argues that when the above statutes are read together, it is apparent that a dog may not be destroyed for merely chasing livestock unless the dog also causes some injury to the livestock or had an intent to cause harm. According to plaintiff, the fact that ORS 609.157(1) requires livestock damage before a presumption of chasing arises means that the legislature intended that the dog cause some type of injury before it can be found to have "chased" livestock. He concludes:

"If evidence of livestock damage is needed to create a *presumption* of chasing, how can it not be equally essential to

---

[1] ORS 609.140 provides, in part:

"(1) The owner of any livestock which has been damaged by being injured, chased, wounded or killed by any dog shall have a cause of action against the owner of such dog for the damages resulting therefrom."

[2] ORS 609.157 provides, in its entirety:

"A disputable presumption shall arise that a dog has been engaged in killing, wounding, injuring or chasing livestock within the meaning of ORS 609.140 and 609.155 if:

"(1) The dog is found chasing livestock not the property of the owner of the dog in an area where freshly damaged livestock are found;

"(2) The dog is found feeding upon a warm carcass of a livestock animal;

"(3) An examination of the dog's feces indicates ingestion of portions of the anatomy or covering of the anatomy of livestock by the dog; or

"(4) Portions of the anatomy or covering of the anatomy of livestock is found on the teeth of the dog, unless the dog is regularly used for the purpose of herding sheep."

proof of the *fact*? If it is not unlawful to 'own, harbor or keep' a dog that has chased but caused no damage and if a dog which has chased without injury is not a public nuisance subject to summary execution by 'any person,' is it not unreasonable and inconsistent with the statutory scheme to interpret 'chase' in any manner which does not make damage or at least predatory intent an essential element of proof?" (Emphasis in original.)

We disagree with plaintiff's argument that there must be proof that the horse was harmed. The operative words in ORS 609.155(3)(a) have discrete meanings. A dog need not kill or wound livestock for the statute to apply. In context, the word "injuring" connotes a situation where there is no physical contact between the dog and the livestock, but the livestock is injured as a result of the dog's actions.[3] Similarly, the statute is implicated when the dog merely chases livestock without injury or wounding occurring. It is apparent that the legislature recognized the potential of harm to livestock by a dog merely chasing livestock and sought to prevent that potential harm.

Plaintiff's argument regarding the need for proof of a predatory intent also fails. If the legislature had intended to require a predatory intent as an element of ORS 609.155(3)(a), it would have said so. We are prohibited from adding words to the statute. ORS 174.010.[4] Also, there is nothing in the connotation of "chasing" that requires a predatory intent. "To chase" includes a meaning of "to follow usually rapidly and intently." *Webster's Third New Int'l Dictionary* 379 (unabridged ed 1993). Under the language of the statute, a dog could "chase" livestock for pleasure and still fall within the purview of the statute.

---

[3] For example, livestock could become injured as a result of the dog's actions even though the dog never came into contact with the animal because of running into a fence or similar barrier.

[4] ORS 174.010 provides:

"In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted; and where there are several provisions or particulars such construction is, if possible, to be adopted as will give effect to all."

Additionally, plaintiff's focus on the disputable presumption in ORS 609.157 is misplaced. Disputable presumptions are evidentiary tools. *See, e.g.*, OEC 311 (defining certain presumptions). Under OEC 308, "a presumption imposes on the party against whom it is directed the burden of proving that the nonexistence of the presumed fact is more probable than its existence." In other words, if a dog is found chasing livestock in an area where freshly damaged livestock are found, there is a disputable presumption that the dog caused the damage to the livestock. Although the statute is not artfully worded, the effect of ORS 609.157 is to provide a presumption of causation when there is a controversy about whether the dog is responsible for freshly damaged livestock. As an evidentiary rule, ORS 609.157 does not provide an additional element to ORS 609.155(3)(a).

■■ Finally, plaintiff argues that the authority to destroy his dog under ORS 609.155(3)(a) is discretionary and that the Board did not exercise its discretion by considering the option of releasing the dog to him. Plaintiff argues that when ORS 609.155(3)(a) is read in context with ORS 609.090(2), which provides for destruction of dogs under certain circumstances when they are declared nuisances, the Board had the discretion not to order the destruction of the dog. Again we disagree. The language of ORS 609.155(3)(a) is mandatory. It provides that the county governing body "shall" determine whether the dog has been engaged in the prohibited acts and if it determines that the dog has been so engaged, "the dog *shall* be killed in a humane manner." ORS 609.155(3)(a). (Emphasis supplied.) The determining factor is what the legislature meant by the word "shall." When used in a statute, the word "shall" expresses an intent to mandate the doing of an act. *State ex rel Cox v. Davidson Ind.*, 291 Or 839, 851, 635 P2d 630 (1981).

Also, plaintiff's reliance on ORS 609.090(2) is misplaced. ORS 609.090(2) provides the Board with discretion to release a dog that has been a public nuisance but is not dangerous. However, ORS 609.090(2) only applies to dogs impounded under section ORS 609.090(1)[5] and not to dogs

---

[5] ORS 609.090(1) provides:

that have killed, wounded, injured or chased livestock. The more specific provisions of ORS 609.155(3)(a) apply. The texts of the applicable statutes illustrate the point. ORS 609.155(1) says:

> "In a county with a dog control program, upon finding a dog engaged in killing, wounding, injuring or chasing livestock or upon receipt from a complainant of evidence that a dog has been so engaged, the dog control officer or other law enforcement officer shall impound the dog."

ORS 609.155(3)(b) says:

> "Notwithstanding ORS 609.090, a dog impounded pursuant to subsection (1) of this section shall not be released until a determination is made by the county governing body pursuant to this subsection."

In other words, ORS 609.155 is authority discrete from ORS 609.090 for the county governing body to impound a dog that kills, injures, wounds or chases livestock for the purpose of determining whether that dog has been engaged in that conduct and, upon that determination, to order the dog destroyed. For the above reasons, the trial court did not err in affirming the Board's order.

Affirmed.

---

"When any dog is found running at large in any county, precinct or city, which is subject to ORS 609.010 to 609.190 or when a dog is a public nuisance described by ORS 609.095 or 609.150, every chief of police, constable, sheriff or deputy of either, or other police or dog control officer shall impound it or cite the owner or keeper to court or do both."