Argued and submitted July 23, reversed and remanded October 15, 2008

Darryl PARKER,
true name Darrell Parker,
*Plaintiff-Appellant,*

*v.*

Ty PARKER,
*Defendant-Respondent.*

Deschutes County Circuit Court
05CV0210MA; A135187

195 P3d 428

Donald E. Oliver argued the cause for appellant. On the briefs were Karen E. Duncan and Oliver & Duncan.

William E. Flinn argued the cause for respondent. With him on the brief was Hurley Re, PC.

Before Schuman, Presiding Judge, and Ortega, Judge, and Carson, Senior Judge.

SCHUMAN, P. J.

## SCHUMAN, P. J.

A jury rejected plaintiff's allegation that defendant negligently caused the death of plaintiff's horse when defendant's dog chased the horse into a fence and the horse had to be euthanized. Before the case went to the jury, the parties filed motions for partial summary judgment on the question whether plaintiff had to prove negligence, as defendant argued, or whether ORS 609.140(1), set out below, creates statutory liability that does not require proof of any mental state. Defendant took the former position and plaintiff the latter. The court ruled in favor of defendant; on appeal, plaintiff assigns error to that ruling. We reverse.

■ The relevant facts are not in dispute. Plaintiff visited defendant, his son, at defendant's home, bringing with him a 12-year-old gelded quarter horse and a dog. Defendant put a lead rope on the horse and led him to a water bucket. While the bucket was filling, defendant told his dog to "skit 'em," intending that the dog would engage in play with plaintiff's dog. Instead, however, defendant's dog barked and rushed toward plaintiff's horse. The horse, apparently frightened, ran directly into a steel fence, sustaining serious head injuries. A veterinarian euthanized the horse that evening.

Plaintiff filed this action for damages, asserting liability based on common-law negligence and also on ORS 609.140(1), which provides:

> "The owner of any livestock which has been damaged by being injured, chased, wounded or killed by any dog shall have a cause of action against the owner of such dog for the damages resulting therefrom, including double the value of any livestock killed and double the amount of any damage to the livestock."

Defendant filed a motion for partial summary judgment against the statutory claim, arguing that ORS 609.140(1) does not create statutory liability; rather, he argued, its effect is limited to providing double damages to plaintiffs who can prevail on a common-law negligence claim. Further, defendant argued, even if the statute creates a statutory tort imposing strict liability, plaintiff is not within the class of persons that the statute is intended to protect. Plaintiff filed

a cross-motion for partial summary judgment taking the opposite positions. The trial court granted defendant's motion and denied plaintiff's, concluding,

"ORS 609.140 does not establish strict liability for damages resulting from a dog injuring, chasing, wounding, or killing livestock. ORS 609.140 clearly states that the owner of any such livestock shall have a 'cause of action' against the owner of such dog. * * * The court finds that the owner of the livestock in such a 'cause of action' is still required to establish the basis of liability, such as common law negligence. If liability is established, ORS 609.140 does establish that the damages shall include double the value of any livestock killed * * *."

At trial, plaintiff proposed jury instructions that, he argued, set forth a theory of statutory liability. The trial judge rejected the instructions, stating, "[T]his is going forward as a negligence case." At the close of the evidence, plaintiff moved for a directed verdict, renewing his argument that he should prevail under ORS 609.140(1). The trial court denied the motion, and the jury returned a verdict finding that defendant was not negligent. On appeal, plaintiff assigns error to the court's resolution of the issue raised in the motion and cross-motion for partial summary judgment, to the court's refusal to give the requested jury instructions, and to the denial of his motion for a directed verdict. All these assignments present the legal question raised at the summary judgment stage, that is, whether ORS 609.140(1) imposes liability on defendant regardless of negligence. Plaintiff's cross-motion preserved that issue, and it is reviewable. *Payless Drug Stores v. Brown*, 300 Or 243, 246-47, 708 P2d 1143 (1985) (denial of motion for summary judgment is appealable and need not be renewed when the motion presents only legal issues).

■ Statutory liability arises when a statute creates a legal right independent of the elements of a common-law negligence action. *Nearing v. Weaver*, 295 Or 702, 707, 670 P2d 137 (1983). Whether a statute does so is a matter of statutory interpretation. In the present case, that inquiry reduces to the meaning of the phrase, "cause of action." Defendant contends that the phrase indicates only that, if the factual predicates set out in the statute exist, plaintiff has cause to bring

a negligence action and, if he prevails, he can receive double damages. In support of his interpretation, defendant points out that, in its original form, the statute stated that "the owner of any dog *shall be liable* for all damages that may accrue" to livestock as the result of dog misconduct. General Laws of Oregon, ch XI, § 1, p 678 (Deady 1845-1864) (emphasis added). According to defendant, the change from *shall be liable for* to *has a cause of action for* indicates a legislative intention to change a strict liability statute into a contingent liability statute. Plaintiff, on the other hand, argues that the phrase indicates that, if the factual predicates set out in the statute exist, he prevails.

We agree with plaintiff. " '[C]ause of action' does not mean the particular form or proceeding by which a certain kind of relief is sought but, rather, a group of facts which entitle[ ] plaintiff to relief." *Troutman v. Erlandson,* 287 Or 187, 201, 598 P2d 1211 (1979) (defining "cause of action" for purposes of *res judicata*); *accord Black's Law Dictionary* 235 (8th ed 2004) ("[A] factual situation that entitles one person to obtain a remedy in court from another person[.]"). Indeed, we have previously used the term "statutory cause of action" interchangeably with "statutory liability." *Eduardo v. Clatsop Community Resource,* 168 Or App 383, 389-90, 4 P3d 83 (2000) (using the terms "statutory liability," "statutory tort," and "statutory cause of action" interchangeably).

The Supreme Court rejected an argument similar to defendant's in the context of a different statute, the remedial provision in the Oregon Residential Landlord and Tenant Act. *Davis v. Campbell,* 327 Or 584, 965 P2d 1017 (1998). In that case, the defendant claimed that the provision did not create statutory liability because the plaintiff's right to recover was stated conditionally: "[T]he tenant *may* recover damages" if certain stated prerequisites are proven. ORS 90.360(2) (1991). The court held that the "statute is unambiguous" and adopted the reasoning of this court's opinion in the case:

"The statute says that 'the tenant may recover damages * * * for any noncompliance' with the habitability requirements of ORS 90.320 [(1991)]. The statute does not say 'any

negligent noncompliance.' Nor does it refer to 'noncompliance after notice from the tenant' or 'noncompliance when the landlord knew or in the exercise of reasonable care should have known' of the nonhabitable condition. It simply says that a tenant may bring an action for damages for '*any* noncompliance' with the habitability requirements of the RLTA, regardless of the landlord's knowledge or lack of knowledge of the condition of the premises."

*Davis*, 327 Or at 588-89 (quoting *Davis v. Campbell*, 144 Or App 288, 293-94, 925 P2d 1248 (1996) (emphasis in original)). The court concluded that to construe the statute as containing a mental state requirement would be to "insert what has been omitted, or * * * omit what has been inserted," contrary to ORS 174.010. The same reasoning obtains here. We conclude that the plain language of ORS 609.140(1) imposes a duty on dog owners without reference to negligence, recklessness, or any other state of mind.

■ To prevail in this statutory claim, plaintiff must be within the class of persons that the legislature intended to protect and the harm must be of the type that the legislature intended to reach. *Bellikka v. Green*, 306 Or 630, 634-35, 762 P2d 997 (1988). ORS 609.125 defines "livestock," for purposes of ORS 609.140(1), as including horses. Interpreting a related statutory provision, we previously determined that "chasing" requires no predatory intent, and that "injuring" requires no contact between the dog and the livestock; instead, we concluded that "injuring" could include damaging livestock "because of running into a fence or similar barrier." *Roach v. Jackson County*, 151 Or App 33, 37, 37 n 3, 949 P2d 1227 (1997), *rev den*, 326 Or 389 (1998) (interpreting ORS 609.155, which provides for impoundment of dogs found "killing, wounding, injuring or chasing livestock").

Defendant argues, however, that plaintiff is not within the class that ORS 609.140(1) is intended to protect because that statute applies only when a dog encounters livestock on property not owned or controlled by its owner. Defendant's analysis, again, would require us to violate our mandate "not to insert what has been omitted, or to omit what has been inserted." ORS 174.010. Had the legislature intended to limit the statute as defendant suggests, it could have included limiting language here. In ORS 609.150, for

example, the legislature included such language, authorizing any person to kill "any dog * * * which, while off the premises owned or under control of its owner, kills, wounds, or injures any livestock." We conclude that the legislature did not intend to limit ORS 609.140(1) to livestock injured on property not owned or controlled by its owner.

In this case, it is undisputed that defendant's dog rushed toward plaintiff's horse and barked, causing the horse to run into a steel fence and sustain ultimately fatal head injuries. Plaintiff therefore established the elements of statutory liability under ORS 609.140(1), and the trial court erred in denying his cross-motion for summary judgment. On remand, the only issue to be determined is the amount of damages.

Reversed and remanded.