Argued and submitted September 15, 1998, reversed and remanded
February 10, 1999

## STATE ex rel Sherry DAHLEN,
## Bob Boryer and Mike Fahey,
### *Appellants,*

*v.*

## Vicki K. ERVIN,
### *Respondent.*

## (9707-05447; CA A100470)

974 P2d 264

Gregory W. Byrne argued the cause for appellants. With him on the briefs was Byrne & Associates, P.C.

Sandra N. Duffy, Chief Assistant County Counsel, argued the cause for respondent. With her on the brief was Thomas Sponsler, County Counsel.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

## WARREN, P. J.

Relators brought this mandamus action seeking to have the trial court order defendant, the Multnomah County Director of Elections, to approve a proposed initiative petition for circulation. The trial court dismissed the alternative writ, holding that defendant did not violate a mandatory duty when she refused to accept the petition, because the initiative concerned administrative rather than legislative matters. We reverse.

The proposed initiative would amend the Multnomah County charter to establish new requirements for the siting of community corrections facilities. With certain exceptions, it would prohibit siting of a "prison, jail, detention facility, correctional facility, community correction facility, * * * probation office, probation center, parole office, parole center, post-prison supervision office, post-prison supervision center," and a broadly defined list of similar facilities, within 1,500 feet of a "residence, school, or child care center." It also provides a method for requiring the removal of facilities existing on the effective date of the amendment:

> "Any facility existing on the date of enactment of this section which is located in violation of subsection (1) and not excluded by subsection (2) shall be closed or relocated to comply with subsection (1) not later than six months after the County Clerk receives a petition for such closure or relocation signed by not fewer than 500 Multnomah County adult residents (18 years of age or older), at least 250 of which reside or own property within a 1500 foot radius of the facility in question. Such signatures must have been obtained within 90 days of the filing of such petition. Residents or inmates of the facility in question are not eligible to sign such petitions."

It has long been Oregon law that a local initiative may deal only with legislative decisions—laws of general applicability and permanent nature—not with administrative decisions, which involve the details of implementing established policy. *See, e.g., Monahan v. Funk,* 137 Or 580, 584-85, 3 P2d 778 (1931); *Long v. City of Portland,* 53 Or 92, 100-01, 98 P 149, 98 P 1111 (1908). Defendant argues that at least the portion of the proposed initiative that allows 500

residents to require the removal of an existing facility is administrative rather than legislative. She emphasizes evidence that suggests that the motivating force behind the proposed initiative is the desire of its sponsors to require the closure of a probation office in north Portland, something that they had been unsuccessful in achieving through the land use appeals process. That purpose shows, according to defendant, that the initiative would allow spot zoning by a small minority of residents in violation of state law and existing ordinances. Defendant then attempts, on the basis of several Supreme Court decisions, to construct a complex set of criteria for determining whether an action is legislative or administrative. Under those criteria, she asserts, this proposed initiative is administrative.

We do not need to examine the superstructure that defendant attempts to create in order to resolve this case. The two most recent Supreme Court decisions on whether municipal initiatives are legislative or administrative give sufficient guidance. In *Foster v. Clark*, 309 Or 464, 790 P2d 1 (1990), the proposed initiative sought to undo an action of the Portland City Council that renamed a street. The Supreme Court pointed out that, at the time the sponsors filed the proposed petition, the city had established a policy and accompanying procedures for renaming streets. Because of that scheme, acts of renaming streets were administrative, not legislative, decisions. The court recognized that renaming a street *could* be a legislative decision, if the city did so by specific ordinances. When, however, the legal framework for the decision included a specific procedure for renaming, actions that followed that procedure were administrative. The proposed initiative did not seek to change the framework for renaming, only to change a specific decision. 309 Or at 472-75.

In *Lane Transit District v. Lane County*, 327 Or 161, 957 P2d 1217 (1998), the proposed initiative would have established the salary of the District's director. The Supreme Court determined that existing state statutes created a completed legislative plan for the appointment, compensation, and removal of the director of a transit district. The act of setting the specific salary of a specific director, thus, was an administrative implementation of that legislative plan and was not a proper subject for an initiative measure. 327 Or at

168-69. As in *Foster*, the proposed initiative did not attempt to change the existing legislative plan. Indeed, given that the existing plan was the creature of state statutes, a local initiative could not have changed it.

■■    This case is the converse of *Foster* and *Lane Transit District*. The proposed initiative does not attempt to change a specific siting decision of the county but, rather, to change the framework within which the county makes siting decisions. The framework that it seeks to establish would allow a limited number of persons to require the undoing of a previous decision, but that act of undoing, not the creation of the framework that permitted it, would be the administrative decision. Adopting a policy, and establishing procedures for implementing that policy, are the essence of legislation. That is exactly what the proposed initiative would do, and it is all that it would do. The trial court erred in holding otherwise.

■    The motives of the sponsors of the initiative, including their apparent desire to overturn a specific siting decision, are not relevant to whether the initiative that they sponsored is administrative or legislative; that distinction is based on the initiative's legal effect if it is adopted. Likewise, the county's argument that the proposed initiative would conflict with state land use laws or other existing law misses the point. That the initiative might be invalid if adopted, something on which we express no opinion, does not determine whether it is legislative or administrative in nature. Similarly, and contrary to defendant's apparent suggestion, there is nothing improper about an initiative changing an existing legislative framework by substituting another; that, after all, is the purpose of much legislation. The issue is whether the proposed initiative addresses issues of general applicability and permanent nature; this one does.

■    Finally, defendant argues that mandamus is inappropriate because she fulfilled her duties when she exercised her discretion by refusing to approve the initiative petition for circulation. Defendant has no discretion to refuse to approve an initiative petition that complies with the law; she has presented no ground for us to conclude that this one does not.

   Reversed and remanded.