Argued and submitted April 18, 1984, reversed and remanded January 9, reconsideration denied March 22, petition for review denied April 16, 1985 (299 Or 37)

# PAPROCK et al,
*Appellants,*

*v.*

# DEFENBAUGH et al,
*Respondents.*

(L81-1994; CA A28996)

693 P2d 654

Dean Heiling, Roseburg, argued the cause and filed the brief for appellants.

Fred Allen, Coos Bay, argued the cause and filed the brief for respondents.

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

Warden, J., dissenting.

## NEWMAN, J.

Plaintiffs appeal from a judgment for defendant landlords under the Residential Landlord and Tenant Act. ORS 91.770 *et seq.* Plaintiffs sued for personal property damages of $6,094 from a residential fire. ORS 91.770; 91.800. They alleged that defendants did not maintain the premises in a habitable condition, because they were not safe from the hazards of fire, the chimney flue was defective and there was not an adequate supply of running water. Plaintiffs assert that the court erred in instructing the jury. We reverse.

ORS 91.770(1) provides:

"(1)  A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered unhabitable if it substantially lacks:

"* * * * *

"(d)  Adequate heating facilities which conform to applicable law at the time of installation and maintained in good working order;

"* * * * *

"(j)   Safety from the hazards of fire * * *."

Plaintiffs may recover damages if defendants violated ORS 91.770. *See* ORS 91.800(2).

The jury could have found from the evidence: plaintiffs rented the house under an oral agreement; it had an inside flue that had previously been used for a wood stove; defendants knew that the flue was defective and a fire hazard if used; plaintiffs moved in a wood stove and attached it to the flue, because they liked that type of heat; one of defendants helped plaintiffs move in the stove; defendants knew that plaintiffs had attached the stove to the flue and were using it; defendants approved of plaintiffs' use of the wood stove and flue; the fire started because the flue was defective; the fire caused the damage to plaintiffs' property; and defendants did not maintain the dwelling safe from the hazards of fire.

The court instructed the jury:

"Recall that the claim is by the Plaintiffs that the Defendants failed to provide and maintain the premises in a habitable condition, and they allege some particulars which I

have reduced to two because three of them say the same thing, that the premises were not free from fire hazards and that they were not provided premises which had an adequate supply of running water.

"The pertinent and applicable portions of Oregon statutory law provide, and paraphrasing somewhat, a landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition, and the dwelling is considered uninhabitable if it substantially lacks a water supply approved under applicable law which is under the control of the tenant or landlord and is furnished to appropriate fixtures, or substantially lacks heating facilities maintained in good working condition or substantially lacks safety from fire hazards.

"So the questions for you to decide is *[sic]* whether the Plaintiff has proved the premises were not free of fire hazards or that it was not supplied adequate water supply. As I mentioned, the Defendant denies the Plaintiffs' claims."

The court, however, also instructed the jury:

"It is the Plaintiffs' theory that the electrical heating was inadequate necessitating use of the stove and chimney flue. Under their denial, it is the defendants' contention the electrical heating was adequate and the Plaintiffs were specifically told not to make use of the flue with the stove."

Plaintiffs excepted:

"[Plaintiffs' attorney]: You informed the jury that it's our theory that the electrical heating was inadequate such to require the plaintiffs to install the stove. It's our position that 91.770 does not require a showing of the inadequacy of the electrical heating in order to justify the installation of the wood stove. I think there is liability simply by showing that the wood stove was in and the flue was inadequate. There is evidence in the case that there were prior wood stoves in there, that there was a hole for a wood stove when Redbear [one of the plaintiffs] moved in, that there was a wood stove in there prior to then with the knowledge of Mr. Wolf and that there was a wood stove in there in Redbear's tenancy with the knowledge and acquiesence of Mr. Wolf, and we think there is no burden on the plaintiffs to prove that they were required by necessity to install the wood stove. We think that just mere choice to install —

"THE COURT: I understand what you are saying, but as I view this rule and as I view the evidence, I thought — and although I don't want to impose my idea of your theory of the

case — but under the evidence as it came in and under the rule, if the electrical heating did not provide enough heat and that was one of the reasons they put the stove in, so it's in the evidence. You have had your exception.

"[Plaintiffs' attorney]: All right. We are concerned about the fact that the flue was not safe from the hazards of fire regardless of the adequacy of the electrical system.

"THE COURT: I understand."

The court incorrectly stated to the jury plaintiffs' theory of their case. Although plaintiffs had requested an instruction that included the statement that a dwelling unit shall be considered uninhabitable if it substantially lacks adequate heating facilities that are maintained in good working order, plaintiffs did not assert that "the electrical heating was inadequate necessitating use" of the stove and chimney flue. Plaintiffs were entitled to have their theory of the case presented to the jury, because there was competent evidence to support it. *Carter v. Mote,* 285 Or 275, 279, 590 P2d 1214 (1979); *State Department of Trans. v. Scott,* 59 Or App 25, 32, 650 P2d 158 (1982).

The court's error was not harmless. *See* ORS 19.125(2). It substantially affected plaintiffs' rights because, under the court's instruction, the jury could have found from the evidence that the electrical heating facilities were adequate and consequently would have denied relief to plaintiffs.

Reversed and remanded.

**WARDEN, J.,** dissenting.

Because I think this case should be affirmed, I dissent.

The majority, without setting out the facts, analyzes the case as though it were decided on an ORCP 54B(2) motion (insufficiency of plaintiffs' evidence) or a motion under ORCP 60 (directed verdict). However, this case was submitted to the jury, and the jury's verdict was in favor of defendants.

While it may not have been plaintiffs' theory that the electrical heating was inadequate, thereby requiring them to install a woodstove, it was their theory that the fire started as a result of their using the stove *with a defective flue.* The testimony of both plaintiffs, however, was that there had been

no fire in the stove for at least two days before the house fire. It was also their testimony that plaintiff Paprock, upon going to turn on the electric switch for the pump, began throwing dirt on the fuse box, because "that's where the flames were." Plaintiff Redbear also testified to her throwing dirt on the fuse box, because flames were coming out of it.

From a review of this record, including the testimony of the plaintiffs' expert and his convoluted theory of how the fire began, it appears to me most highly probable that the jury simply did not accept plaintiffs' theory that the fire started because of a defective flue. In other words, assuming that the instruction excepted to was error, it was harmless. I do not see how it could have materially affected the jury's verdict. Accordingly, we should affirm. Therefore, I dissent.