Argued and submitted February 5, reversed and remanded October 30, 1996, petition for review allowed April 8, 1997 (325 Or 247)

Harvey and Wendy DAVIS,
*Appellants,*

*v.*

Duncan CAMPBELL,
*Respondent.*

(94CV0255; CA A87714)

925 P2d 1248

Michael R. Stebbins argued the cause for appellants. With him on the briefs was Stebbins & Coffey.

Lisa M. Shickich argued the cause for respondent. With her on the brief was Arnold Gallagher Saydack Percell & Roberts, PC.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LANDAU, J.

## LANDAU, J.

This is an action for damages for violation of the habitability requirements of the Residential Landlord and Tenant Act (RLTA). The principal issue is whether a violation of the RLTA is conditioned on evidence that the landlord knew or, in the exercise of reasonable care, should have known that the condition of the premises rented to the tenant did not comply with the statutory habitability standards. The trial court held that actual or constructive knowledge is required and, concluding that the record contained no evidence on that element, entered summary judgment for the defendant landlord. We hold that the RLTA contains no such requirement. We therefore reverse and remand.

The undisputed facts for purposes of this appeal are as follows: Plaintiffs rented from defendant a home, which was destroyed by fire caused by heat transmission through the fireplace chimney bricks and deteriorated grout between the bricks. When defendant first rented the home to plaintiffs, he was unaware that the condition of the fireplace chimney may have presented a fire hazard.

Plaintiffs initiated this action against defendant for damages resulting from the fire. Plaintiffs asserted two claims, for negligence and for recovery of damages under ORS 90.320(1) and ORS 90.360. The first statute provides, in relevant part:

> "A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered uninhabitable if it substantially lacks:

> "* * * * *

> "(j)  Safety from the hazards of fire * * *."

The second statute provides, in part:

> "[T]he tenant may recover damages * * * for any noncompliance by the landlord with the rental agreement or ORS 90.320."

Defendant answered, raising a number of affirmative defenses not relevant to the disposition of this appeal. Defendant then moved for summary judgment on both claims on the ground that there was no evidence that he knew or should have known of the condition of the fireplace chimney. According to defendant, without evidence of such knowledge, plaintiffs cannot maintain claims either for negligence or for violation of the RLTA. Plaintiffs stipulated to the dismissal of their negligence claim but defended their RLTA claim on the ground that the statute contains no requirement that, to obtain damages for a violation of the habitability standards, there must be evidence that the landlord knew or should have known of the uninhabitable condition. The trial court granted defendant's motion and entered summary judgment accordingly.

On appeal, plaintiffs contend that the trial court erred for either of two reasons. First, they argue that the court incorrectly concluded that the RLTA requires proof of actual or constructive knowledge as a predicate to recovery of damages. Second, they argue that, even if the RLTA requires proof of such knowledge, the record contains sufficient evidence to create a genuine issue of material fact on the question whether defendant should have known of the hazardous condition of the fireplace chimney in his rental house. Defendant responds that the RLTA should not be read to abrogate the common-law principle that landlords are not liable for damages resulting from the condition of their rentals without evidence that they knew or should have known of the dangerous conditions. Defendant further argues that there is, in fact, no evidence to support the conclusion that he should have known of the condition of the fireplace chimney in his rental.

We need not address the parties' arguments as to whether there is evidence sufficient to create a genuine issue of material fact on the matter of defendant's knowledge, because we hold that plaintiffs are correct in asserting that no such evidence is required to establish a claim for damages under the RLTA.

At the outset, we emphasize the limited nature of the issue before us. We do not decide whether violation of the

habitability standards expressed in the RLTA gives rise to an implied right of action for damages. That is because the RLTA *expressly* does so. The legislature may, and occasionally does, expressly create statutory liability for the violation of a legislatively created duty. *See Scovill v. City of Astoria*, 324 Or 159, 170 n 9, 921 P2d 1312 (1996) ("[s]ometimes a statute expressly includes a statement that a civil action may be maintained for damages suffered by a violation of a statutory duty").[1] The RLTA reflects just such an expression of a legislative determination that a landlord's violation of certain duties—in particular, the duty to provide habitable premises—gives rise to a civil right of action by the tenant for damages. The Supreme Court has recognized the express right of action that the RLTA creates. *Bellikka v. Green*, 306 Or 630, 636, 762 P2d 997 (1988); *Humbert v. Sellars*, 300 Or 113, 117-19, 708 P2d 344 (1985); *Brewer v. Erwin*, 287 Or 435, 438-54, 600 P2d 398 (1979). Neither party to this appeal contests that.

■    When the legislature creates a statutory right of action, liability arises not by reference to common-law concepts of fault or knowledge, but by the terms of the statute creating the liability. Thus, depending on the terms of the statute, foreseeability may or may not be a relevant consideration in determining an individual's liability. *See Gattman v. Favro*, 306 Or 11, 15, 757 P2d 402 (1988) ("if a statutory tort is created, foreseeability may be immaterial or has been determined by the legislature"). The Supreme Court's decision in *Chartrand v. Coos Bay Tavern*, 298 Or 689, 696 P2d 513 (1985), illustrates the point. In that case, a tavern allegedly had served alcoholic beverages to a visibly intoxicated customer who later left the tavern and drove her vehicle into a head-on collision with the plaintiff. The plaintiff sued the tavern under ORS 30.950, which at that time provided that a tavern could not be held liable for damages caused by intoxicated persons unless the tavern had served the intoxicated person while he or she was in a "visibly intoxicated" state. The tavern argued that it could be held liable under the statute only upon proof that it knew or should have known that

---

[1] Examples of such express statutory claims include legislatively created actions for product liability, ORS 30.920, unlawful employment practices, ORS 659.121, wrongful death, ORS 30.020, and securities fraud, ORS 59.115.

the intoxicated person might leave the premises by operating a motor vehicle. The court rejected that contention on the ground that foreseeability simply was not an element of the statutory right of action created by the legislature:

> "The legislature by stating, or implying in reverse language, that a tavern owner will be held liable for the acts of a person who has been served alcoholic liquor while visibly intoxicated, resolved the foreseeability issue as a matter of law. Thus, a plaintiff protected by such a statute need not resort to any concepts of negligence. Negligence is irrelevant. The sole question is whether the defendant engaged in acts prohibited by the statute and whether the violation of the statute resulted in injury."[2]

*Id.* at 696. *See also Harris v. Sanders,* 142 Or App 126, 128 n 1, 919 P2d 512, *rev den* 324 Or 322 (1996) ("statutory liability arises as a legal right created by statute, without regard to the elements of a common-law negligence action").

■ The only question before us, therefore, relates to the elements of a claim for damages under ORS 90.360(2), and, in particular, whether the legislature, in creating statutory liability under the RLTA, incorporated common-law negligence principles as predicates to recovery of damages under that statute. As in *Chartrand,* we attempt to ascertain the intention of the legislature, looking first to the text of the statute in its context and, if necessary, also to legislative history and other aids to construction. *PGE v. Bureau of Labor and Industries,* 317 Or 606, 610-12, 859 P2d 1143 (1993).

Examination of the text of the statute in its context leads to quick disposition of the issue: There is no mention of a landlord's knowledge as a condition of recovery under ORS

---

[2] The court reached that conclusion upon an examination of the language of the statute and its history. The court noted that the statute itself contained no reference to foreseeability. It also noted that, when the original bill was in committee, it contained a reference to gross negligence but that that reference was later deleted. The Supreme Court concluded:

> "Deletion of the gross negligence standard left the final version of the bill with two sections that provide for host liability for all damages caused or incurred off-premises by an intoxicated person who, while visibly intoxicated, was served alcoholic beverages by a commercial or social host, with no reference to proof of any form of negligence. The risk, the harm and the potential plaintiff were all foreseen by the lawmaker."

*Chartrand,* 298 Or at 697.

90.360(2). The statute says that "the tenant may recover damages * * * for any noncompliance" with the habitability requirements of ORS 90.320. The statute does not say "any negligent noncompliance." Nor does it refer to "noncompliance after notice from the tenant" or "noncompliance when the landlord knew or in the exercise of reasonable care should have known" of the nonhabitable condition. It simply says that a tenant may bring an action for damages for "*any* noncompliance" with the habitability requirements of the RLTA, regardless of the landlord's knowledge or lack of knowledge of the condition of the premises.

Examination of the context shows that the legislature's selection of language was not inadvertent. The statute contains a number of provisions in which a tenant's right to a particular remedy is conditioned on proof of the landlord's knowledge. ORS 90.370, for example, provides that, when a landlord brings an action for possession of the premises for nonpayment of rent, the tenant may assert counterclaims against the landlord,

> "provided that the tenant must prove that prior to the filing of the landlord's action the landlord reasonably had or should have had knowledge or had received actual notice of the facts that constitute the tenant's counterclaim."

ORS 90.365 similarly provides a series of remedies to the tenant if the landlord, contrary to the rental agreement, "deliberately refuses or is grossly negligent in failing to supply any essential service." Clearly, when the legislature wanted to incorporate elements of common-law negligence as conditions of a tenant's remedies, it did so. It did not do so in ORS 90.360, which provides that a tenant may recover damages for a landlord's violation of habitability standards without reference to the landlord's knowledge of the condition of the premises.

The legislative history of the RLTA removes any doubt as to the legislature's intentions. The RLTA was enacted in 1973 after vigorous debate over two competing residential landlord-tenant bills. Senate Bill 159, which was based upon the Uniform Residential Landlord and Tenant Act drafted by the National Conference of Commissioners on Uniform State Laws, was heavily supported by the tenant

lobby. House Bill 2424, which was based upon a model law drafted by the National Association of Real Estate Boards, was strongly supported by the landlord lobby. *See generally* John H. Van Landingham IV, Comment, *The Evolution of the Oregon Residential Landlord and Tenant Act*, 56 Or L Rev 655, 655-56, 661-63 (1977). The landlord-sponsored bill copied SB 159's structure, section titles and much of its language, but it limited tenant remedies, principally by requiring deliberate wrongdoing or negligence on the part of landlords as a predicate to tenant action. For example, HB 2424 provided for tenant remedies in the face of a landlord's failure to provide essential services only if the landlord "deliberately refuses or grossly neglects to supply" essential services such as heat and hot water. Similarly, it provided a civil action for damages for violations of the rental agreement or the habitability requirements of the law

> "unless the landlord demonstrates that he has exercised due diligence in his efforts to remedy any non-compliance and that his failure to remedy was due to circumstances reasonably beyond his control."

Minutes, Senate Local Government and Urban Affairs Committee, March 6, 1973, Ex 1.

The landlord lobby attempted the wholesale substitution of HB 2424 for SB 159, but the Senate Committee that held hearings on the matter refused. The Committee then attempted to arrive at a compromise. The result was a bill that was largely patterned after SB 159, with various specific provisions from HB 2424 incorporated into it. *See generally* Minutes, Senate Local Government and Urban Affairs Committee, March 6, 1973, March 20, 1973, March 26, 1973, and March 29, 1973. Among the provisions of HB 2424 that were included in the final compromise bill was the one that allowed tenant remedies for a landlord's failure to provide essential services only on proof of the landlord's gross negligence. Among the provisions of HB 2424 that were *not* included in the final compromise bill was the landlord lobby's proposal that civil actions for damages be conditioned on a landlord's failure to exercise due diligence to remedy noncompliance with habitability standards.

In short, the issue of whether a tenant's remedies were conditioned on a landlord's knowledge was directly presented to the legislature. That body ultimately determined that in some instances—for example, in ORS 90.365—the landlord's knowledge is a predicate to a tenant's remedies. It also determined that in other instances—such as ORS 90.360(2)—a landlord's knowledge is irrelevant. Thus, as in *Chartrand,* the legislature already has resolved the foreseeability issue as a matter of law. A landlord's negligence is irrelevant. The sole question to be decided at trial is whether defendant in fact violated the habitability standards and whether that statutory violation resulted in damage to plaintiffs.

Defendant does not contend that the statute itself contains language from which it reasonably may be inferred that proof that a landlord knew or in the exercise of reasonable care should have known of a habitability violation is a predicate to recovery under ORS 90.360(2). He nevertheless urges us to read such a condition into the statute. His principal justification for that proposal is that, "arguably," several of our prior cases have done so. Defendant is mistaken.

Defendant first relies on *Kilgore v. People's Savings & Loan Assn.*, 107 Or App 743, 814 P2d 163 (1991), *rev dismissed* 313 Or 300 (1992). That case involved a denial of a motion for directed verdict on claims of negligence and violation of the RLTA. On appeal, the defendant landlord's sole contention was that there was insufficient evidence of its knowledge for either claim properly to have gone to the jury. No one argued that the defendant's knowledge was irrelevant to the RLTA claim, and we did not address that issue. We held only that the evidence was sufficient to go to the jury on the claims as the parties presented them. *Id.* at 747.

Defendant next relies on *Paprock v. Defenbaugh*, 71 Or App 624, 693 P2d 654, *rev den* 299 Or 37 (1985). As in *Kilgore*, the issue in *Paprock* was the sufficiency of the evidence in a case in which the defendant landlord failed to raise the issue of whether his knowledge was relevant to a claim for violation of the RLTA, and we did not discuss the issue.

Finally, defendant relies on our recent decision in *Coulter Property Management, Inc. v. James*, 138 Or App

568, 910 P2d 397 (1996). In that case, the issue was whether the plaintiff's negligence *per se* claim could be based on a violation of the habitability requirements of the RLTA when the landlord neither knew nor had reason to know of the condition of the premises. Citing authority on common-law negligence, we held that a landlord does not have an obligation to repair defects that are not obvious and that arise after the tenant has taken possession. *Id.* at 574-75, citing *Propp v. Long*, 129 Or App 273, 280, 879 P2d 187, *rev den* 320 Or 271 (1994). Defendant's contention that *Coulter* should be read to apply to statutory liability under the RLTA confuses the distinction between liability arising out of negligence and liability arising out of a legislatively created duty. *See Bellikka,* 306 Or at 650-51 (discussing differences between statutory torts and negligence *per se*); *Gattman*, 306 Or at 15 n 3.

We conclude that the trial court erred in holding that ORS 90.360(2) imposes statutory liability on landlords for violation of the habitability requirements of the RLTA only if the landlord knew or had reason to know of the condition of the premises. The court, therefore, erred in entering summary judgment for defendant.

Reversed and remanded.