Argued and submitted September 5, 1997, decision of Court of Appeals affirmed, judgment of circuit court reversed, and case remanded to circuit court for further proceedings October 22, 1998

Harvey and Wendy DAVIS,
*Respondents on Review,*

*v.*

Duncan CAMPBELL,
*Petitioner on Review.*

(CC 94CV0255; CA A87714; SC S43896)

965 P2d 1017

Lisa A. Maybee, of Arnold, Gallagher, Saydack, Percell & Roberts, P.C., Eugene, argued the cause and filed the petition for petitioner on review.

Michael R. Stebbins, of Stebbins & Coffey, North Bend, argued the cause and filed the response for respondents on review.

Annette E. Talbott, Portland, filed a brief for *amicus curiae* Oregon Trial Lawyers Association.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

VAN HOOMISSEN, J.

** Fadeley, J., retired January 31, 1998, and did not participate in this decision; Graber, J., resigned March 31, 1998, and did not participate in this decision.

## VAN HOOMISSEN, J.

This case involves a claim for damages under the Oregon Residential Landlord and Tenant Act (RLTA), ORS 90.100 *et seq.* (1991). The issue is whether a tenant, who seeks damages for an alleged violation of the RLTA's habitability requirements, must prove that the landlord knew or should have known of the alleged violation. The circuit court concluded that the tenant must prove that the landlord knew or should have known of the violation. The Court of Appeals reversed, holding that the RLTA imposes statutory liability on the landlord, even if the landlord had neither actual nor constructive knowledge of the violation. *Davis v. Campbell*, 144 Or App 288, 925 P2d 1248 (1996). For the reasons that follow, we affirm the decision of the Court of Appeals.

Plaintiffs rented a house from defendant in 1991. In 1993, heat transmitting through chimney bricks in a fireplace caused a fire that destroyed the house. At the time of the fire, neither plaintiffs nor defendant had experienced any problems with the fireplace and neither party was aware that its condition presented a fire hazard.

Plaintiffs brought this action asserting two claims, one under the RLTA and one for common-law negligence. In support of their RLTA claim, plaintiffs alleged that the "fire was a direct result of the defendant's failure to maintain the residence in a habitable condition in that the residence substantially lacked safety from the hazards of fire." Defendant denied that allegation and, after discovery, moved for summary judgment on both claims. Plaintiffs then stipulated to the dismissal of their negligence claim.

On the RTLA claim, defendant argued that plaintiffs had to "set forth evidence that the Defendant knew, or should have known, that there was a latent defect in the fireplace chimney which created a fire hazard." Because, in defendant's view, plaintiffs had not made such a showing, he argued that their statutory claim failed. Plaintiffs responded that "foreseeability is not a necessary element where the plaintiffs have plead [*sic*] a [statutory] violation * * * and this violation resulted in an injury to the very people the statute was designed to protect."

The circuit court granted defendant's motion for summary judgment on the RTLA claim. Plaintiffs appealed from the resulting judgment and from a supplemental judgment for costs and attorney fees. The Court of Appeals reversed. 144 Or App at 293.

The parties do not dispute the material facts. Therefore, we must determine whether the undisputed facts entitle defendant to judgment as a matter of law. *Lane Transit District v. Lane County*, 327 Or 161, 167, 957 P2d 1217 (1998). To answer that question, we must construe several provisions of the 1991 version of the RLTA, the version of the act in effect at the time of the events in question. Our task is to discern the legislature's intent. ORS 174.020; *see PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (explaining methology). In doing so, "the text of the statutory provision itself is the starting point for interpretation and is the best evidence of the legislature's intent," and we give words of common usage their "plain, natural, and ordinary meaning." *Id.* at 610-11. At the first level of analysis, the court examines the provision in context, "which includes [among other considerations] other provisions of the same statute and other related statutes." *Ibid.* Case law interpreting the statute also is considered at our first level of analysis. *State v. Toevs*, 327 Or 525, 532, 964 P2d 1007 (1998). If the legislature's intent is clear based on a textual and contextual inquiry, further analysis is unnecessary. *Ibid.*

This court has stated that the RLTA, which the legislature enacted in 1973, was intended to clarify and restate the rights and obligations of tenants and landlords. *L & M Investment Co. v. Morrison*, 286 Or 397, 405, 594 P2d 1238 (1979).[1] One of the RLTA's most important provisions requires landlords to maintain a dwelling in a "habitable

---

[1] For a discussion of the history of the RLTA's enactment, including its judicial and legislative precursors, see John H. Van Landingham, IV, Comment, *The Evolution of the Oregon Residential Landlord and Tenant Act*, 56 Or L Rev 655 (1977). *See also* Mark W. Cordes, Comment, *Landlord-Tenant Reform in Oregon: The Impact of L & M Investment Co. v. Morrison and Brewer v. Erwin*, 16 Willamette L Rev 835 (1980) (discussing the RLTA and its early interpretations); *Napolski v. Champney*, 295 Or 408, 414-15, 667 P2d 1013 (1983) (providing a history of landlord and tenant law).

condition." *Ibid.* As relevant here, that provision, ORS 90.320(1)(j) (1991), provided:

> "A landlord shall at all times during the tenancy maintain the dwelling unit in a habitable condition. For purposes of this section, a dwelling unit shall be considered unhabitable if it substantially lacks:
>
> "* * * * *
>
> "(j)   Safety from the hazards of fire[.]"

ORS 90.360 (1991) stated the remedies for a violation of the RLTA's habitability requirements and provided, in part:

> "[With exceptions that do not apply here,] the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 90.320." ORS 90.360(2) (1991).[2]

We must determine whether those two statutes required that landlords be held liable for habitability violations, even if they had no actual or constructive knowledge of the violation.

We begin with a textual analysis of the remedy provision, ORS 90.360(2) (1991). That statute is unambiguous. As the Court of Appeals explained:

> "There is no mention of a landlord's knowledge as a condition of recovery under ORS 90.360(2). The statute says that

---

[2] The legislature amended ORS 90.360 in 1997, after the Court of Appeals issued its decision in this case. ORS 90.360(2) now provides:

> "Except as provided in this chapter, the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 90.320. The tenant shall not be entitled to recover damages for a landlord noncompliance with ORS 90.320 if the landlord neither knew nor reasonably should have known of the condition that constituted the noncompliance and:
>
> "(a) The tenant knew or reasonably should have known of the condition and failed to give actual notice to the landlord in a reasonable time prior to the occurrence of the personal injury, damage to personal property, diminution in rental value or other tenant loss resulting from the noncompliance; or
>
> "(b) The condition was caused after the tenancy began by the deliberate or negligent act or omission of someone other than the landlord or a person acting on behalf of the landlord."

This decision involves only the 1991 version of ORS 90.360(2), not its 1997 formulation.

'the tenant may recover damages * * * for any noncompliance' with the habitability requirements of ORS 90.320 [(1991)]. The statute does not say 'any negligent noncompliance.' Nor does it refer to 'noncompliance after notice from the tenant' or 'noncompliance when the landlord knew or in the exercise of reasonable care should have known' of the nonhabitable condition. It simply says that a tenant may bring an action for damages for '*any* noncompliance' with the habitability requirements of the RLTA, regardless of the landlord's knowledge or lack of knowledge of the condition of the premises." *Davis*, 144 Or App at 293-94 (emphasis in original).

We agree. In construing a statute, we may not "insert what has been omitted, or * * * omit what has been inserted * * *." ORS 174.010; *PGE,* 317 Or at 611 (same). Defendant's proffered construction would have us do just that.

We similarly discern no textual ambiguity in the habitability requirement, ORS 90.320(1)(j) (1991). As this court noted in *Napolski v. Champney*, 295 Or 408, 415, 667 P2d 1013 (1983), referring to what later became ORS 90.320 (1991): "[T]he act *affirmatively obligates* residential landlords to maintain rental properties in 'habitable condition' * * *." (Emphasis added.) Under the plain terms of the statute, a landlord fails to fulfill that affirmative obligation if, at any time during the tenancy, the dwelling unit substantially lacks safety from the hazards of fire. ORS 90.320(1)(j) (1991). The statute did not provide that a dwelling unit shall be considered uninhabitable only if the tenant is able to prove that the landlord either knew or should have known that the unit was unsafe from fire. The fact that a dwelling unit substantially lacks safety from fire—without regard to a landlord's knowledge, actual or constructive—is sufficient to establish a statutory violation. To adopt defendant's contrary construction of ORS 90.320(1)(j) (1991) would require us to insert text into the statute.

Accordingly, when read together, the statutes textually provided that, if at any time during a tenancy, the dwelling unit substantially lacks safety from the hazards of fire, *i.e.*, there has been a "noncompliance" by the landlord for purposes of ORS 90.360(2) (1991), then the tenant may

"recover damages and obtain injunctive relief." We see nothing in the text of either statute that suggests that the legislature intended to include actual or constructive knowledge as a prerequisite to landlord liability.

Turning to the context of the statutes, other remedy provisions in the RLTA—which specifically address a landlord's state of mind—lend support to our textual conclusion that ORS 90.320(1)(j) (1991) and 90.360(2) (1991) did not impose an actual or constructive knowledge requirement. For example, the RLTA (with text that has not varied substantially since its enactment in 1973) prohibits the use of certain provisions in rental agreements:

> "If a landlord *deliberately* uses a rental agreement containing provisions known by the landlord to be prohibited and attempts to enforce such provisions, the tenant may recover in addition to the actual damages of the tenant an amount up to three months' periodic rent." ORS 90.245(2) (emphasis added).

Also, with respect to the provision of essential services, the RLTA has provided that if "the landlord *deliberately* refuses or is *grossly negligent* in failing to supply" such services, the tenant is entitled to seek certain, specified remedies. ORS 90.365 (emphasis added).

Further, the RLTA has provided that

> "If a landlord * * * *willfully* diminishes or seriously attempts or seriously threatens unlawfully to diminish services to the tenant by interrupting or causing the interruption of heat, running water, hot water, electric or other essential service, the tenant may * * * terminate the rental agreement and recover an amount up to two months' periodic rent or twice the actual damages sustained by the tenant, whichever is greater." ORS 90.375 (emphasis added).

Finally, with respect to a landlord storing a tenant's abandoned personal property, the RLTA originally provided as follows:

> "The landlord shall not be responsible for any loss to the tenant resulting from storage unless the loss was caused by the landlord's *deliberate* or *negligent* act. In the event of

*deliberate* and *malicious* violation the landlord shall be liable for twice the actual damages sustained by the tenant." ORS 91.840(4) (1973) (emphasis added).[3]

We believe that the foregoing examples demonstrate that

"when the legislature wanted to incorporate elements of common-law negligence as conditions of a tenant's remedies, it did so. It did not do so in ORS 90.360 [(1991)], which provides that a tenant may recover damages for a landlord's violation of habitability standards without reference to the landlord's knowledge of the condition of the premises." *Davis*, 144 Or App at 294.

Against that textual and contextual analysis, defendant contends that the result we reach today is inconsistent with section 358 of the *Restatement (Second) of Torts* (1965), which he asserts "was not overruled by the enactment of the RLTA" and "has been adopted in *Richards v. Dahl*, 289 Or 747, 618 P2d 418 (1980)."[4] Oregon generally has looked to the Restatement when considering common-law landlord and tenant claims. *See, e.g., Richards*, 289 Or at 749 ("We have previously stated that the principles announced in the Restatement of Torts (Second) reflect our views of the law governing the liability of a landlord to a tenant."). *But ·see Park v. Hoffard*, 315 Or 624, 629, 847 P2d 852 (1993) (stating that the *Restatement* will continue to apply except when its

---

[3] For the subsection's present formulation, see ORS 90.425(13) (1997) and its surrounding statutory counterparts.

[4] *Restatement (Second) of Torts* § 358 (1965) provides:

"(1) A lessor of land who conceals or fails to disclose to his lessee any condition, whether natural or artificial, which involves unreasonable risk of physical harm to persons on the land, is subject to liability to the lessee and others upon the land with the consent of the lessee or his sublessee for physical harm caused by the condition after the lessee has taken possession if,

"(a) the lessee does not know or have reason to know of the condition or the risk involved, and

"(b) the lessor knows or has reason to know of the condition, and realizes or should realize the risk involved, and has reason to expect that the lessee will not discover the condition or realize the risk.

"(2) If the lessor actively conceals the condition, the liability stated in Subsection (1) continues until the lessee discovers it and has reasonable opportunity to take effective precautions against it. Otherwise the liability continues only until the lessee has had reasonable opportunity to discover the condition and to take such precautions."

rules "are based on outmoded understandings of legal relationships"). Defendant's assertion, however, does not advance his claim. Unlike *Richards*, this appeal does not involve a negligence action. Plaintiffs dismissed their negligence claim in circuit court. Rather, we are concerned here only with statutory liability.

■       Given the lack of contrary legislative intent, a tenant may choose to maintain claims of common-law negligence and statutory liability against a landlord in the same action. *See Bellikka v. Green*, 306 Or 630, 638, 762 P2d 997 (1988) ("The RLTA does not supersede the common law in all aspects of personal injury liability."). Accordingly, the fact that section 358 might apply to a common-law negligence claim brought by a tenant says nothing about whether the legislature intended that legal standard to apply to a statutory claim under the RLTA. *See Gattman v. Favro*, 306 Or 11, 15, 757 P2d 402 (1988) ("if a statutory tort is created, foreseeability may be immaterial or has been determined by the legislature"). The text and context of ORS 90.320(1)(j) (1991) and 90.360(2) (1991) demonstrate that the legislature did not intend that a landlord's liability under the RLTA's habitability provisions be conditioned on the landlord having actual or constructive knowledge of the condition of a dwelling unit. Simply because a different standard might apply in an action for common-law negligence arising from the same event does nothing to alter that conclusion.

Based on an examination of the text and context of the statutes at issue, we conclude that the legislature's intent is clear. A tenant is not required to prove that a landlord had either actual or constructive knowledge of an uninhabitable condition under ORS 90.320(1)(j) (1991) to prevail on a statutory claim for damages under ORS 90.360(2) (1991). The trial court erred in drawing a contrary conclusion and in allowing defendant's motion for summary judgment. The Court of Appeals correctly reversed the judgment of the trial court.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.