Argued and submitted November 30, 2020, affirmed May 4, petition for review denied September 16, 2022 (370 Or 214)

Tasheema THOMAS,
*Plaintiff-Respondent,*

*v.*

DILLON FAMILY LIMITED PARTNERSHIP II,
an Oregon limited partnership; and
Dillon Property Management LLC,
an Oregon limited liability company,
*Defendants-Appellants.*

Multnomah County Circuit Court
18CV29986; A172292

511 P3d 43

Tenant brought a claim under the Oregon Residential Landlord and Tenant Act (ORLTA), alleging that her premises included an uninhabitable condition that caused her personal-injury damages. In response, landlord sought to raise the statutory affirmative defense of comparative fault, ORS 31.600. At several points both pretrial and during trial, the trial court prohibited landlord from raising the defense because, it concluded, the ORLTA does not incorporate such a defense. The jury ultimately found for tenant and awarded damages. Landlord appeals, raising several assignments of error that all rely on the argument that landlord had a right to raise a comparative-fault defense under the ORLTA. *Held*: ORS 90.360(2) provides that the limitations on a tenant's recovery of damages are expressed in the ORLTA itself. Those limitations are narrowly drawn and do not expressly include or incorporate a landlord's right to raise a comparative-fault defense. In sum, the legislature did not intend for the ORLTA to provide a landlord with the right to present a comparative-fault defense in response to a tenant's claim that the tenant was injured as a result of an uninhabitable condition.

Affirmed.

Benjamin N. Souede, Judge.

Jay W. Beattie argued the cause for appellants. Also on the briefs was Lindsay Hart, LLP.

Willard E. Merkel argued the cause for respondent. Also on the brief was Merkel & Associates.

Before Ortega, Presiding Judge, and Shorr, Judge, and Powers, Judge.

SHORR, J.

Affirmed.

**SHORR, J.**

This appeal raises one legal issue: May a landlord raise the statutory affirmative defense of comparative fault, ORS 31.600, when a tenant alleges that her premises included an uninhabitable condition under the Oregon Residential Landlord and Tenant Act (ORLTA) that caused her personal-injury damages? At several points both pretrial and during trial, the trial court prohibited defendant landlord from raising a comparative-fault defense because, it concluded, the ORLTA does not incorporate such a defense. The jury ultimately found for plaintiff tenant and awarded both economic and noneconomic damages. Landlord appeals from that judgment, raising several assignments of error that all rely on the argument that landlord had a right to raise a comparative-fault defense under the ORLTA. As we explain below, we agree with the trial court's legal conclusion that the ORLTA does not incorporate a comparative-fault defense. We therefore affirm.

With the exceptions noted below, the material facts of this case are largely undisputed, and the disputed facts are not significant to our resolution of the purely legal issue before us. We summarize and include only the basic facts necessary to give background to how the legal issue arose in the trial court.

Tenant leased an apartment unit within a duplex that was owned by defendant Dillon Family Limited Partnership II and managed by defendant Dillon Property Management, LLC (collectively, "landlord").[1] At some point before July 22, 2017, the refrigerator in tenant's unit began to leak. Tenant mopped up puddles of water twice a day. The puddles sometimes extended into the living room, which was adjacent to the kitchen and not separated by a door.

Landlord became aware of the leaking refrigerator on July 22. Mr. and Mrs. Dillon, representatives for landlord, made an in-person inspection of the apartment on that day. Tenant testified that she understood that Mr. Dillon

---

[1] For ease of reference, we collectively refer to both the owner of the property and the manager as "landlord." *See* ORS 90.100(23) (defining a landlord under the ORLTA to include the owner, lessor, and sublessor of the premises and those persons' authorized managers).

had fixed the problem on the day of the inspection. Landlord disputed that understanding. Mrs. Dillon testified that she informed tenant on that day that they had called an appliance company to come repair the problem. She also testified that she had advised tenant to clean up the water so that tenant would not fall. Mrs. Dillon described how her husband looked inside the freezer and then immediately went outside to call the appliance repair company to come service it.

On the evening of July 23, tenant was walking through her darkened apartment, headed through the living room and into the kitchen, when she slipped and fell. Tenant began to slip on water that had collected on the living room floor and continued slipping until she landed and stopped in the kitchen. Tenant fell onto her back, suffering injuries. The appliance company repaired the refrigerator at some point on or after July 24. Mrs. Dillon testified that she had attempted to reach tenant to let her know of the repair visit several times before tenant let the appliance repair company into the apartment. The repair person fixed a clogged freezer tube, resolving the leak.

Tenant filed a lawsuit against landlord alleging that it had failed to maintain the premises in a habitable condition as required by ORS 90.320, particularly by not maintaining the refrigerator. Tenant further alleged that, as a result of landlord's violations of that statute, tenant fell and sustained injuries to various parts of her spine, including sustaining herniated discs, bruises, contusions, and other resulting symptoms. Tenant sought recovery of her medical expenses and noneconomic damages.

Landlord answered and asserted a comparative-fault defense, contending that any injuries sustained by tenant were caused by tenant's own negligence. After tenant filed a motion to strike pursuant to ORCP 21 E, the trial court struck landlord's comparative-fault defense. Later, landlord attempted to introduce the defense at trial by requesting the uniform civil jury instructions on comparative fault. Consistently with its prior ruling, the court refused to give those instructions. The court also, over landlord's objection, instructed the jury that they were "not to consider whether

[tenant] was at fault, careless or negligent in causing her own accident." Finally, as it relates to the relevant rulings, the trial court granted tenant's motion *in limine*—again, over landlord's objection—to preclude landlord from offering evidence or argument concerning tenant's "fault, carelessness, or negligence" on the grounds that it was not relevant to liability and no longer relevant to any defense, after the court's earlier ruling striking the comparative-fault defense. As noted, the jury ultimately returned a verdict for tenant, awarding economic and noneconomic damages.

Landlord assigns error to each of the trial court's rulings summarized above. That is, landlord assigns error to the trial court's decision to strike its comparative-fault defense and to the trial court's resulting decisions to reject certain instructions, accept others, and exclude evidence and argument relating to tenant's potential comparative fault. Although landlord raises several assignments of error, we agree with landlord that each involve the same claimed legal error; namely, the trial court's legal decision that a landlord may not raise a comparative-fault defense to a tenant's ORLTA claim because comparative fault is not relevant to a landlord's potential liability or damages under that statute.

Accordingly, we review each of landlord's assignments of error to determine whether the trial court made a legal error. We note that when a trial court strikes an affirmative defense under ORCP 21 E(2), we generally review that decision for an abuse of discretion. *Alfieri v. Solomon*, 358 Or 383, 391, 365 P3d 99 (2015). However, where, as here, the court's exercise of that discretion turns on a legal question, we review for legal error. *Id.* Similarly, we review a trial court's jury instructions, and its failure to provide a jury instruction, for legal error. *See State v. Gray*, 261 Or App 121, 129, 322 P3d 1094 (2014) (applying that standard to review a given instruction); *State v. Reyes-Camarena*, 330 Or 431, 441, 7 P3d 522 (2000) (applying that standard to review of the failure to give an instruction). We similarly review a trial court's decision to exclude evidence as irrelevant for legal error. *State v. Cunningham*, 337 Or 528, 536, 99 P3d 271 (2004), *cert den*, 544 US 931 (2005).

As noted, the legal issue before us is whether the ORLTA, particularly ORS 90.360(2), permits a landlord to raise the comparative-fault defense in ORS 31.600(2) in response to a tenant's ORLTA claim that the landlord failed to maintain habitable premises and caused a tenant injury as a result. That is an issue of statutory construction to which we apply our customary rules of construction. *See State v. Gaines*, 346 Or 160, 171-72, 206 P3d 1042 (2009). We first examine the text within the context of the statute, and then, as we determine necessary, we examine any legislative history that we consider helpful to the analysis, and, finally, if the legislature's intent is still not clear, we may resort to general maxims of statutory construction. *Id*.

We start with the relevant text of ORS 90.360(2) within the overall context of the ORLTA. ORS 90.360(2) provides:

"Except as provided in this chapter, the tenant may recover damages and obtain injunctive relief for any noncompliance by the landlord with the rental agreement or ORS 90.320 or 90.730. The tenant shall not be entitled to recover damages for a landlord noncompliance with ORS 90.320 or 90.730 if the landlord neither knew nor reasonably should have known of the condition that constituted the noncompliance and:

"(a)  The tenant knew or reasonably should have known of the condition and failed to give actual notice to the landlord in a reasonable time prior to the occurrence of the personal injury, damage to personal property, diminution in rental value or other tenant loss resulting from the noncompliance; or

"(b)  The condition was caused after the tenancy began by the deliberate or negligent act or omission of someone other than the landlord or a person acting on behalf of the landlord."

In short, ORS 90.360(2) provides a tenant the right to damages and injunctive relief for a landlord's noncompliance with the habitability requirements in ORS 90.320. Perhaps most significant to our analysis, the subsection's limitation on recovery of damages is express and specific. It provides that "[e]xcept as provided *in this chapter*," the

tenant may recover damages for a landlord's noncompliance with, among other things, the habitability requirements in ORS 90.320. ORS 90.360(2) (emphasis added). We understand that plain text to provide that any limitations on the recovery of damages or injunctive relief must be found exclusively in ORS chapter 90—the ORLTA—and not outside of that chapter.

More importantly, we conclude that the specific provisions in ORS 90.360 express a legislative intent to not apply the traditional comparative-fault defense set forth in ORS 31.600. There are several express defenses and limitations on the recovery of damages found in the ORLTA. None of those defenses present the traditional comparative-fault defense set forth in ORS 31.600, nor do they incorporate that comparative-fault defense.

ORS 90.360(4) provides one specific limitation on the recovery of damages under that section of the ORLTA. It provides:

> "The tenant may not terminate or recover damages under this section for a condition caused by the deliberate or negligent act or omission of the tenant or other person on the premises with the tenant's permission or consent."

ORS 90.360(4). The limitation on recovery of damages in ORS 90.360(4) is express and specific.

ORS 90.360(2) provides two further limitations on the recovery of damages that apply, generally speaking, when the landlord neither knew nor reasonably should have known of the noncomplying condition *and* (a) the tenant was aware or reasonably should have been aware of the condition but failed to give notice to the landlord in a reasonable time before the injury or (b) the condition was caused during the tenancy by the deliberate or negligent acts or omissions of someone other than the landlord or the landlord's agent. Again, these are specific and express limitations in the ORLTA that limit a tenant's recovery. Although there is a reference to the *"deliberate or negligent"* act or omission of someone other than the landlord or their agent, that reference does not call for an assessment of comparative fault or negligence or incorporate ORS 31.600. ORS 90.360(2)(b)

(emphasis added). Rather, it provides a complete bar to recovery of damages from a landlord who was reasonably unaware of the uninhabitable condition if the condition was caused after the tenancy commenced by the deliberate or negligent acts or omissions of someone other than the landlord or their agent.[2]

Other provisions in ORS chapter 90 provide additional express limitations on a tenant's recovery of damages. However, those limitations also do not provide for or incorporate a comparative-fault defense. ORS 90.125(1) provides:

> "The remedies provided by this chapter shall be so administered that an aggrieved party may recover appropriate damages. The aggrieved party has a duty to mitigate damages."

Thus, a tenant seeking to enforce the ORLTA may recover "appropriate damages" and has a duty to mitigate those damages. *See Brewer v. Erwin*, 287 Or 435, 452-53, 600 P2d 398 (1979), *overruled on other grounds by McGanty v. Staudenraus*, 321 Or 532, 901 P2d 841 (1995) (stating that appropriate damages for a claim for an uninhabitable condition may include "compensation for the loss of life or health and the accompanying costs" but not emotional distress due to the uninhabitable condition). But while the duty of mitigation is a potential defense that may be raised by a landlord, that defense is different than a comparative-fault defense. A duty to mitigate damages is a specific duty of a claimant to limit the damages that they have suffered. *State v. Jurado*, 137 Or App 538, 541, 905 P2d 274 (1995) (stating that a victim must take "reasonable steps to avoid the enhancement of damages" and that the person causing the damage bears the burden of proving a failure to mitigate damages). A comparative-fault defense, on the other hand, compares the relative fault of the parties causing damage, an issue that is separate from the duty to mitigate damages. *See* ORS 31.600(1), (2).

---

[2] Additionally, the landlord defenses in ORS 90.360 described above all focus on the "condition," and have no application to the facts before us in the instant case where there is no evidence that tenant failed to give timely notice of the condition nor evidence that tenant or some other person caused the condition.

Thus, as explained above, ORS 90.360(2) provides that the limitations on a tenant's recovery of damages are expressed in the ORLTA itself. Those limitations are narrowly drawn. They include the limitations stated in ORS 90.360(2) and (4) as well as the tenant's duty to mitigate damages in ORS 90.125(1).[3] They do not expressly include or incorporate a landlord's right to raise a comparative-fault defense. And, in at least one instance, the ORLTA limitation on damages conflicts with the comparative-fault scheme. We find that text and context significant.

We also find the case law interpreting ORS 90.360(2), and subsequent statutory amendments in response to that case law, significant. We considered an earlier version of ORS 90.360(2) (1991) in *Davis v. Campbell*, 144 Or App 288, 925 P2d 1248 (1996), *aff'd*, 327 Or 584, 965 P2d 1017 (1998).[4] In that case, the tenant brought a claim against the landlord for breach of the habitability requirements of the ORLTA and sought recovery for damages resulting from a fire that started when heat came through the bricks and deteriorated grout in the chimney of the tenant's residence. *Id.* at 290. The tenant initially also brought a negligence claim but dismissed it to pursue only the ORLTA claim. *Id.* at 290-91. It was undisputed that the landlord was not aware that the condition of the fireplace chimney created a fire hazard. *Id.* at 290. The landlord contended that the tenant failed to prove that the landlord knew or in the exercise of reasonable care should have known of the condition. *Id.* at 291. The tenant responded that the then-controlling version of the ORLTA did not require the tenant to prove that the landlord knew or should have known of the condition. *Id.*

At the time, ORS 90.360(2) (1991) provided, in relevant part, "[T]he tenant may recover damages *** for any noncompliance by the landlord with the rental agreement

---

[3] The ORLTA contains other duties that may affect a tenant's claims, such as the duty to act in good faith under ORS 90.130, but we have not found any of those duties to be relevant to our analysis of the issue before us.

[4] ORS 90.360(2) (1991) was amended twice following our opinion in *Davis*. *See* Or Laws 1997, ch 577, § 19; Or Laws 1999, ch 676, § 13. We discuss those subsequent amendments to ORS 90.360(2) (1991) later in our opinion.

or ORS 90.320." The statute did not contain current paragraphs (a) and (b) that provide the landlord with the limited defenses noted above, including the provision under (2)(a) that the tenant "shall not be entitled to recover damages" if the landlord "neither knew nor reasonably should have known of the condition" and the tenant "knew or reasonably should have known of the condition and failed to give actual notice to the landlord in a reasonable time" prior to the injury. *Compare* ORS 90.360(2) (1991) *with* ORS 90.360(2) (current version). We concluded that ORS 90.360(2) (1991) did not require proof of the landlord's negligence. *Davis*, 144 Or App at 296 (stating that "[a] landlord's negligence is irrelevant").

The Supreme Court affirmed our decision. It quoted extensively from our opinion:

"We begin with a textual analysis of the remedy provision, ORS 90.360(2) (1991). That statute is unambiguous. As the Court of Appeals explained:

"'There is no mention of a landlord's knowledge as a condition of recovery under ORS 90.360(2) [(1991)]. The statute says that "the tenant may recover damages * * * for any noncompliance" with the habitability requirements of ORS 90.320 [(1991)]. The statute does not say "any negligent noncompliance." Nor does it refer to "noncompliance after notice from the tenant" or "noncompliance when the landlord knew or in the exercise of reasonable care should have known" of the nonhabitable condition. It simply says that a tenant may bring an action for damages for "*any* noncompliance" with the habitability requirements of the RLTA, regardless of the landlord's knowledge or lack of knowledge of the condition of the premises.' *Davis*, 144 Or App at 293-94 (emphasis [and ellipsis] in original).

"We agree."

*Davis v. Campbell*, 327 Or 584, 588-89, 965 P2d 1017 (1998). The Supreme Court confirmed that neither the landlord's knowledge of the uninhabitable condition nor its negligence in failing to have that knowledge were relevant to a tenant's habitability claim under ORS 90.360(2) (1991). *Id.*

The Supreme Court specifically noted, however, that, after our opinion issued, the legislature amended ORS

90.360(2) (1991) to add the two landlord defenses now included in ORS 90.360(2)(a) and (b). *Davis*, 327 Or at 588 n 2 (referencing Or Laws 1997, ch 577, § 19). The legislative history of that amendment confirms that the amendment was added in direct response to our opinion in *Davis* that concluded that a tenant did not have to prove that the landlord was negligent in maintaining an uninhabitable condition. *See* Testimony, House Committee on Commerce, SB 675, May 29, 1997, Ex O at 1, 9-11 (comments submitted by John VanLandingham; describing the coalition of landlord and tenant groups that negotiated the bill and stating that the addition of paragraphs (a) and (b) was negotiated as a compromise in response to *Davis*).

Thus, after our decision in *Davis* concluded that a tenant did not have to prove the landlord's negligence when seeking damages for an uninhabitable condition, the legislature added two further limited defenses that a landlord could raise. Most notably, however, the legislature *still* did not require a tenant to prove the landlord's negligence as part of the tenant's habitability claim. Nor did the legislature add or incorporate a landlord's right to raise a comparative-fault defense in response to the tenant's claim.

In sum, the text, context, and legislative history of ORS 90.360(2) all lead us to conclude that the ORLTA does not provide a landlord with the right to raise a comparative-fault defense in response to a plaintiff's claim that an uninhabitable condition caused the plaintiff damages.

Landlord nevertheless contends that the text and case law interpreting the comparative-fault statute provides the landlord with such a defense. ORS 31.600(1) provides, in relevant part:

"Contributory negligence shall not bar recovery in an action by any person *** to recover damages for death or injury to person or property if the fault attributable to the claimant was not greater than the combined fault of all persons specified in subsection (2) of this section, but any damages allowed shall be diminished in the proportion to the percentage of fault attributable to the claimant. This section is not intended to create or abolish any defense."

ORS 31.600(2) then provides, in relevant part:

> "The trier of fact shall compare the fault of the claimant with the fault of any party against whom recovery is sought, the fault of third party defendants who are liable in tort to the claimant, and the fault of any person with whom the claimant has settled."

Landlord observes that that text does not limit the application of the comparative-fault defense only to negligence claims, but to any claim "in an action by any person *** to recover damages for death or injury to person or property." ORS 31.600(1). Landlord further argues that the legislature's use of the term "fault" in those subsections, which is broader than the term "negligence," demonstrates that the legislature intended to provide for a comparative-fault defense whenever fault is at issue in a tort claim, whether that claim is a common-law negligence claim, or, as in the case of the ORLTA, a statutory tort claim that may not require proof of negligence.

Indeed, the case law makes clear that the comparative-fault defense in ORS 31.600 is permitted not only in common-law negligence actions, but also applies to "'actions based on tortious conduct, however described, in which contributory negligence is an appropriate defense.'" *State v. Gutierrez-Medina*, 365 Or 79, 85, 442 P3d 183 (2019) (quoting *Johnson v. Tilden*, 278 Or 11, 17, 562 P2d 1188 (1977)). Landlord points out that the legislature amended the comparative-fault statute in 1975 to apply beyond just negligence claims and also to make clear that a jury was required to compare relative "fault" rather than relative "negligence" to determine if a plaintiff may obtain a recovery. *See Gutierrez-Medina*, 365 Or at 84-85 (so noting). More recently, we have said that the comparative-fault defense applies "to tortious conduct to which contributory negligence was a valid defense at common law." *Shin v. Sunriver Preparatory School, Inc.*, 199 Or App 352, 379, 111 P3d 762, *rev den*, 339 Or 406 (2005). It also may apply as a defense to tort claims to the extent that issues regarding the plaintiff's fault are appropriate considerations in those claims. *See Hernandez v. Barbo Machinery Co.*, 327 Or 99, 109, 957 P2d 147 (1998) (rejecting the validity of a comparative-fault

defense to a products liability claim where the law long established that a plaintiff's "incidental carelessness or negligent failure to discover or guard against a product defect is not an appropriate defense" to the plaintiff's action for injuries arising from the defective product, but acknowledging the defense's application in other limited circumstances where the plaintiff's fault is a defense).

Landlord's argument, however, fails to explain how comparative fault could be an "appropriate defense" under the strict liability scheme of the ORLTA. Nor does landlord's argument account for the fact that ORS 90.360(2) specifically provides that a tenant may recover damages for a landlord's failure to comply with habitability requirements "[e]xcept as provided in this chapter." The statute then provides for limited defenses. As a result, any limitation on the recovery of damages, including any limitation of damages through a comparison of fault, must be provided in ORS 90.360 or in the remainder of the ORLTA itself. And, as we noted above, when the legislature amended ORS 90.360(2) to provide for additional defenses after we concluded in *Davis* that a tenant did not have to prove negligence as part of its habitability claim, the legislature added limited defenses that notably neither included nor incorporated a comparative-fault defense. Considering all of the above, we are not persuaded that language in ORS 31.600(1) extending the comparative-fault defense to any "action *** to recover damages for death or injury to person" controls and permits the application of that defense to tenant's ORLTA claim when the express language in ORS 90.360(2) clearly instructs otherwise.

Based on our review of the relevant text, context, and legislative history of the ORLTA, we find no support for landlord's argument that the legislature provided a landlord with the right to raise a comparative-fault defense to a tenant's ORLTA claim alleging injury caused by an uninhabitable condition.

Finally, we reject landlord's other arguments without extended discussion. We note that landlord suggests that we have previously affirmed a trial court's decision to give a comparative-fault instruction in a case that included

an ORLTA claim in *Kilgore v. People's Savings & Loan Assn.*, 107 Or App 743, 814 P2d 163 (1991), *rev dismissed*, 313 Or 300 (1992). As landlord acknowledges, the tenant in that case also brought a separate standalone negligence claim to which the comparative-fault instruction would typically apply, which is not the case here. *See id.* at 745. There was no argument before us in that case that required us to consider whether a comparative-fault instruction should be given when a tenant pursued only an ORLTA claim to trial. *Kilgore* provides no support for landlord's arguments here.

In sum, we conclude that the legislature did not intend for the ORLTA to provide a landlord with the right to present a comparative-fault defense in response to a tenant's claim that the tenant was injured as a result of an uninhabitable condition. We affirm the trial court's decisions to prohibit landlord from presenting such a defense both before and during trial.

Affirmed.