Argued and submitted October 12, 1999, decision of Court of Appeals affirmed, judgment of circuit court reversed, and case remanded to circuit court for further proceedings March 3, 2000

Richard GRADY,
*Respondent on Review,*

*v.*

CEDAR SIDE INN, INC.,
Gerold J. Settje and Shirley E. Settje,
dba Mini-Mart of Vernonia,
*Petitioners on Review.*

(CC C9508-47CV; CA A94545; SC S45627, S45628)

997 P2d 197

Kenneth D. Bourne, Portland, argued the cause and filed the briefs for petitioner on review Cedar Side Inn, Inc.

Janet M. Schroer, of Hoffman, Hart & Wagner, Portland, argued the cause for petitioners on review Gerold J. Settje and Shirley E. Settje, dba Mini-Mart of Vernonia. With her on the briefs was Marjorie A. Speirs.

Clayton H. Morrison, Beaverton, argued the cause for respondent on review. With him on the brief was Clayton Huntley Morrison.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Durham, and Kulongoski, Justices.**

KULONGOSKI, J.

---

** Leeson and Riggs, JJ., did not participate in the consideration or decision of this case.

**KULONGOSKI, J.**

Plaintiff seeks recovery from defendants for serving alcohol to Joshua Lee Elliot (Elliot) while Elliot was visibly intoxicated. Elliot, while under the influence of alcohol, was involved in a single-car accident causing injuries to plaintiff, a passenger in Elliot's car. At issue is whether plaintiff can recover from defendants for his injuries, notwithstanding the fact that he "participated in" Elliot's intoxication by purchasing alcohol for Elliot. The trial court granted defendants' motion for summary judgment. Plaintiff appealed, and the Court of Appeals reversed. *Grady v. Cedar Side Inn, Inc.*, 154 Or App 622, 963 P2d 36 (1998). We hold that, on the facts alleged, plaintiff's participation in Elliot's intoxication does not bar him from seeking recovery from defendants for his injuries.

■    On review of a summary judgment, we view the facts and all reasonable inferences that may be drawn from the facts in the light most favorable to the nonmoving party, in this case, plaintiff. *Jones v. General Motors Corp.*, 325 Or 404, 408, 939 P2d 608 (1997). We review the record to determine whether a genuine issue exists as to any material fact and whether the moving party is entitled to judgment as a matter of law. ORCP 47 C; *Jones*, 325 Or at 413-14.

Plaintiff was injured on August 29, 1993, while a passenger in a car driven by Elliot. Elliot lost control of the car, and the car flipped over and crashed into a utility pole. Both plaintiff and Elliot were intoxicated at the time of the accident.

Plaintiff and Elliot began drinking together around 11:00 a.m. after Elliot arrived at plaintiff's house in Vernonia. Each of them drank two or three beers from a 12-pack provided by plaintiff while discussing their plans for the rest of the day. They left plaintiff's house together, taking with them the remaining beer from the 12-pack. When they left plaintiff's house, Elliot had approximately $6 in his pocket, and plaintiff had approximately $100.

Plaintiff and Elliot continued to consume alcohol throughout the day. They finished the remaining beer from

the 12-pack, drank about a "case" of beer with two women on a logging road outside Vernonia, and consumed a pitcher of beer at Banks Billiards later in the afternoon. By that time, both men believed that they were intoxicated, and neither remembers clearly the events that followed.

Around 4:00 p.m., plaintiff and Elliot arrived at the Crabtree Bar in Vernonia. The Crabtree bartender refused to serve them alcohol because they were visibly intoxicated. Instead, she served them food free of charge. Plaintiff and Elliot then left the Crabtree Bar and walked across the street to defendant Cedar Side Inn. Elliot's father remembers seeing both plaintiff and Elliot drinking alcohol at the Cedar Side Inn, and plaintiff recalls drinking four single shots of whiskey there.

After leaving the Cedar Side Inn, plaintiff and Elliot drove to defendant Mini-Mart of Vernonia in Elliot's father's car, which they had borrowed earlier that evening. Neither plaintiff nor Elliot recalls going to the Mini-Mart, but several witnesses saw them there. The store clerks claim that they did not sell alcohol to plaintiff or to Elliot, but one witness states that she saw the men leave the Mini-Mart carrying a 12-pack of beer.

Approximately ten minutes after Elliot drove away from the Mini-Mart in his father's car, with plaintiff as a passenger, the car veered off the highway, struck a power pole, and flipped over. Police officers investigating the scene found a "half case carton" of beer lying a few feet from the car. The one beer remaining in the carton was cool to the touch.

Neither Elliot nor plaintiff has any independent memory of who purchased the alcohol that was consumed that day. Elliot, however, left the hospital after the accident with $6, the same amount that he had started with, and plaintiff testified that he was "the one that had the money, so if the beer would have got purchased, it would have been from [*sic*] me."

Plaintiff asserted claims against defendants for statutory liability under ORS 30.950 and common-law negligence for serving alcohol to Elliot when Elliot was visibly intoxicated. Defendants moved for summary judgment under

ORCP 47 C on the grounds that: (1) as a matter of law, the evidence was insufficient to support a finding of liability under ORS 30.950 or common-law negligence; and (2) plaintiff was a "participant party" to Elliot's intoxication or, at the least, was not an "innocent third party" and, therefore, was barred from recovery under any theory. The trial court granted summary judgment for defendants on all grounds. Plaintiff appealed.

As noted, the Court of Appeals reversed. That court held that, as a matter of law, plaintiff was entitled as a third party to maintain his action against defendants for their alleged negligence in serving a visibly intoxicated patron other than plaintiff, without regard to plaintiff's "innocence" or lack thereof. *Grady*, 154 Or App at 628-29. The court also held that the evidence in the record raised genuine issues of fact about whether either or both defendants sold alcohol to Elliot while Elliot was visibly intoxicated. *Id.* at 632-33. We allowed defendants' petitions for review and now affirm.

In his first claim for relief, based on a theory of statutory liability, plaintiff alleges that the accident and his personal injuries were the "foreseeable result of defendants' violation of ORS 30.950 in serving * * * Elliot alcoholic beverages while he was visibly intoxicated." Plaintiff's second claim for relief, based on a theory of common-law negligence, alleges that his personal injuries were the "foreseeable result of defendants' negligence in serving * * * Elliot alcoholic beverages while he was visibly intoxicated when they knew or should have known that he would operate a motor vehicle."

■    Defendants argue that plaintiff's complicity in Elliot's intoxication defeats his ability to maintain a claim and that otherwise applicable principles of comparative fault are inapplicable in a case such as this. The issue whether a plaintiff can recover against an alcohol provider for injuries caused by an intoxicated patron, notwithstanding the fact that the plaintiff participated in or was in complicity with the patron's intoxication by purchasing alcohol for him or her, is one of first impression for this court.

The rule that defendants urge this court to adopt is known in other jurisdictions as the "complicity doctrine." That doctrine precludes recovery by a third person bringing

an action to recover damages for injuries caused by an intoxicated person if the third person contributes to the inebriate's intoxication. *See, e.g., Baxter v. Noce*, 107 NM 48, 50, 752 P2d 240 (1988) (explaining recognition of complicity doctrine in other jurisdictions). A person contributes to the intoxication of another, for example, either by purchasing alcohol for the intoxicated person or by consuming alcohol with the intoxicated person. *Id.* Many jurisdictions that recognize the complicity doctrine consider it to be a complete bar to recovery, despite the existence of comparative negligence statutes in the jurisdiction. *See, e.g., Jamieson v. Harrison*, 532 NW2d 779, 781 (Iowa 1995) (dram shop claim not subject to comparative fault statute); *Walter v. Carriage House Hotels, Ltd.*, 164 Ill 2d 80, 94-95, 646 NE2d 599 (1995) (in action under dram shop act, complicity acts as complete bar and comparative negligence is inapplicable); *Herrly v. Muzik*, 374 NW2d 275, 278-79 (Minn 1985) (in action under dram shop act, complicity is absolute bar to recovery despite amendment incorporating comparative negligence statute). *But see Baxter*, 107 NM 48 at 51 ("Complicity, while superficially dissimilar, is only a hybrid form of contributory negligence and is identical to it in application.").

Defendants argue that this court should adopt the complicity doctrine as a complete bar to plaintiff's recovery. However, it appears to us that recognizing the complicity doctrine in the context of cases that involve providing alcohol to visibly intoxicated persons would reestablish contributory negligence as a defense. We decline to consider doing so, because the legislature has made a contrary choice. *See* ORS 18.470 (abolishing contributory negligence standard and replacing it with comparative fault system); ORS 18.475 (abolishing doctrine of implied assumption of the risk). Under Oregon's comparative fault regime, plaintiff's relative fault in causing his own injuries, if any, is to be apportioned by the trier of fact, rather than serve as a bar to recovery *ab initio. See Coulter Property Management, Inc. v. James*, 328 Or 164, 174, 970 P2d 209 (1998) (declining to revitalize contributory negligence doctrine in landlord-tenant context).

We turn to the question whether plaintiff otherwise is barred, as a matter of law, from recovery under either his statutory or common-law claims for relief. We begin with

plaintiff's statutory claim under ORS 30.950 (1993).[1] That statute provided:

> "No licensee, permittee or social host is liable for damages incurred or caused by intoxicated patrons or guests off the licensee, permittee or social host's premises unless:
>
> "(1)   The licensee, permittee or social host has served or provided * * * alcoholic beverages to the patron or guest while the patron or guest was visibly intoxicated; and
>
> "(2)   The plaintiff proves by clear and convincing evidence that the patron or guest was served alcoholic beverages while visibly intoxicated."

In *Sager v. McClenden*, 296 Or 33, 37, 672 P2d 697 (1983), this court concluded that ORS 30.950 limits claims against alcohol servers and providers to those brought by third parties. We based that conclusion on the legislative history of the statute, noting that the focus of the legislature's discussion surrounding the enactment of ORS 30.950 was liability to persons, like plaintiff, injured by intoxicated motorists. *Id.* at 37-40. That interpretation remains controlling, but it does not aid defendants here.

Nothing in the text or context of ORS 30.950 suggests that the legislature intended to limit liability under the statute to claims made by "innocent" third parties. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-11, 859 P2d 1143 (1993) (interpretation of statute begins with examination of text and context). As mentioned above, the legislative history of the statute and the cases construing it focus entirely on liability to third parties injured by intoxicated drivers, without distinguishing between "innocent" and "non-innocent" third parties. *See, e.g., Gattman v. Favro*, 306 Or 11, 16-23, 757 P2d 402 (1988) (discussing preexisting common law, the statutory framework within which ORS 30.950 was enacted, and its legislative history). We find nothing in the statute itself, or the cases construing it, to suggest that

---

[1] The legislature amended ORS 30.950 in 1997. Or Laws 1997, ch 841, § 1. Those amendments apply only to claims arising on or after March 15, 1998, and are not relevant to this case. Or Laws 1997, ch 841, §§ 2, 9. All further references in this opinion are to the 1993 version of the statute.

plaintiff is barred, as a matter of law, from recovery under ORS 30.950.

Defendants argue in the alternative that, as a "social host" under ORS 30.950, plaintiff also was "in violation" of the statute and, consequently, is barred from recovery. "Social host" is defined as "one who receives guests, whether friends or associates, in a social or commercial setting, in which the host serves or directs the serving of alcohol to guests." *Solberg v. Johnson*, 306 Or 484, 490, 760 P2d 867 (1988). Included within that definition is someone who "ante[s] up per drink at a tavern." *Id.* Under the facts of this case, the trier of fact could find that plaintiff had "ante[d] up" for Elliot's drinks on the night in question, making plaintiff a social host under ORS 30.950. We do not agree, however, that plaintiff's status as a social host—if he indeed qualified as such—prevents his recovery under ORS 30.950.

ORS 30.950 subjects licensees, permittees, and social hosts to liability to third parties for injuries caused by the intoxicated patron or guest whom they served. Plaintiff claims that, under ORS 30.950, defendants are liable for serving alcohol to Elliot while Elliot was visibly intoxicated. That is exactly the type of claim that the statute permits. Although it is true that Elliot could have brought a claim against plaintiff as a social host under ORS 30.950, that does not mean that plaintiff cannot use the same statute to maintain an action against defendants. *See Solberg*, 306 Or at 490 (defendant tavern keeper can seek contribution from "social host" who had purchased the alcohol). Plaintiff's status as a social host—again, if he qualified as such—in this case is relevant only insofar as it pertains to the apportionment of relative fault by the trier of fact; it does not preclude plaintiff's recovery under the statute. Consequently, we hold that plaintiff is not barred, as a matter of law, from bringing a claim against defendants under ORS 30.950.

We turn now to plaintiff's claim for common-law negligence. In *Campbell v. Carpenter*, 279 Or 237, 243-44, 566 P2d 893 (1977), this court recognized a common-law claim against alcohol providers on behalf of third parties injured in car accidents that resulted from serving alcohol to patrons who were visibly intoxicated. This case involves a claim for

injuries arising from the very risk that concerned the court in *Campbell*: the intoxicated driver. Although it is undisputed that plaintiff was intoxicated on the night of the accident, plaintiff does not allege liability for his injuries as a first party but, rather, makes his claims as a third party injured as a result of Elliot's intoxication. Consequently, we agree with the Court of Appeals that plaintiff is not precluded as a matter of law from maintaining his common-law negligence claim for relief against defendants.

In summary, we hold that plaintiff is not barred as a matter of law from pursuing either his statutory liability claim under ORS 30.950 or his common-law negligence claim against defendants. Any complicity on the part of plaintiff in Elliot's intoxication and any consequent apportionment of fault attributable to plaintiff for his own injuries are issues to be addressed by the trier of fact under Oregon's comparative fault regime.

The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.